## CIRCUIT COURT OF THE CITY OF RICHMOND

In re William M. Deyerle et al.

November 23, 1982

Case No. Chancery G-8423-3

By JUDGE WILLARD I. WALKER

The issue before the court in this matter is the proper application of Rule 2A:4 of the Rules of the Supreme Court of Virginia with respect to an appeal from a decision of the State Board of Medicine concerning the appellants herein. It is conceded that physicians at Richmond Orthopedic Clinic, the appellants herein (sometimes referred to as respondents) timely filed their notice of appeal with the Board and also timely filed in the Clerk's Office of this court their petition for appeal. The court takes judicial notice of the fact that the Clerk's Office refused to accept the petition on the equity side of the court, notwithstanding the provisions of Rule 2A to the contrary, and the action was subsequently filed on the law side of the court. It is stipulated that while respondents did not serve the petition for appeal within thirty days, there is still ample time for service of the petition, if service be necessary, pursuant to the provisions of Rule 2 of the Rules of the Supreme Court of Virginia.

The essential question is whether both the petition for appeal and service of the petition for appeal must be accomplished within thirty days. Despite contrary language by this court, speaking through me in 1979 in the case of *In re Walter David Heath, Jr., t/a Sonny's*, Case No. 1057, I conclude that the language of Rule 2A:4 cannot have this meaning. If a party is given a full thirty days within which to file a petition for appeal,

then that party must have the absolute maximum thirty days within which to accomplish that act. If you likewise impose upon that party the obligation to serve that petition, "as in the case of a bill of complaint in equity" within the same thirty days, then you are of necessity shortening the time for filing the petition for appeal. Furthermore, the Clerk's Office of this court has seen fit to process administrative appeals on the law side. This is totally inconsistent with the provisions of Rule 2A, because the provisions of those rules refer to this being handled as a suit in equity. Thus, the petition for appeal must be served with a subpoena in chancery attached and must be served by a serving officer.

There is nothing in Rule 2A which would prevent appellant from having a full year within which to serve the petition for appeal upon the agency. Since it is not necessary for me to reach that issue, I decline to do so. It does seem to me unreasonable that an action should be allowed to pend for that length of time; however, I am reasonably confident that an action will not so pend. The agency from which the appeal is taken knows that an appeal is being taken because of the notice of appeal. A simple check with the Clerk's Office will reveal the fact that the petition for appeal has been filed and that the matter is pending. Since the court, under all of the rules, has control over matters affecting the filing of papers in the Clerk's Office, then certainly the court will be receptive to directing the appellant to serve a copy of the petition for appeal with subpoena in chancery attached as required, apparently, by the provisions of Rule 2A:4. Even if the court did not do so, the agency could accelerate the process in the same manner they have done in this case, by coming forward and filing responsive pleadings without raising any question about an ineffective or late service of process of the petition for appeal.

There does not appear to be any necessity for service of the appeal to be effected in this case, considering the status of the matter. To avoid any problem in the future, however, I would suggest to counsel for the respondents that they serve a copy of the petition for appeal with subpoena in chancery attached upon all appropriate parties, as provided by the Rules. The court has on its own motion transferred this case to the equity side of the court to facilitate that event.